MARGARET C. BLAKE

*v.*

FREDERICK P. TAYLOR *et al.*

*Filed at Ottawa October 31, 1892.*

DEED—*showing same to be a mortgage—burden of proof.* Where a deed is on its face an absolute, unconditional conveyance of land, the burden of proof will be on those claiming that it was intended as a mortgage only, to prove that fact by clear and satisfactory proof. Such a deed is never held a mortgage on vague and uncertain or doubtful evidence.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. LEVI SPRAGUE, and Mr. E. HANECY, for the appellant.

Mr. J. W. MERRIAM, and Mr. A. B. JENKS, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This action was begun in the court below by a bill in chancery, by appellant, against appellees, the object of which was to compel said Taylor to convey to her a certain lot in Cook county.   Appellee Cleaver answered the bill, admitting complainant's cause of action, and also filed a cross-bill making said Taylor defendant, thereby seeking to compel him to convey the property as prayed in the original bill.   While the original bill proceeds upon the theory that the complainant is entitled to a deed from Taylor by virtue of a contract of

purchase with Cleaver, as Taylor's agent, the answer and cross-bill of Cleaver deny any such agency, and aver that he sold said lot to the complainant in his own right, subject to a mortgage lien in Taylor. Taylor answered both the original and cross-bills, denying all right of Cleaver to make said sale, either as his agent or as owner of the lot, or that said Cleaver had any right or title to the same, and setting up his title thereto in fee. The original bill by appellant, and the answer and cross-bill of appellee Cleaver, all admit that Taylor, at the time of the alleged sale, held the title to the lot, but the cross-bill and answer aver that his deed, though absolute in form, was intended only as a mortgage, the equity of redemption remaining in the said Cleaver. This is denied by Taylor, and the material issue in the case is thus raised.

Prior to October 5, 1888, said Cleaver and one Frances A. Griswold purchased two hundred feet of ground, of which said lot was a part, from W. E. Furnesse, the title being taken in the name of Griswold, and a trust deed or mortgage executed back to Furnesse, for a part of the purchase money. It was afterward agreed between Cleaver and Griswold that the former should take said lot subject to $1312.50 of the mortgage debt held by Furnesse. Subsequently, Cleaver became indebted to said Taylor in the sum of $800 for money advanced, to secure which Cleaver executed and delivered to Taylor a deed for a certain other lot. On said 5th day of October, 1888, said Griswold and wife, at the request of Cleaver, executed a quit-claim deed to Taylor for the lot in controversy, the consideration therein named being $2000, which deed was delivered by Griswold to Cleaver, and by him to Taylor, and by the latter duly filed for record October 10, 1888. Cleaver, in his testimony taken in the case, on behalf of himself and appellant Blake, says this deed was to be held by Taylor merely as security for said indebtedness, while Taylor testified positively that he purchased said lot for the consideration named in the deed, ($2000), and that there was no

agreement or understanding whatever between the parties that he was to hold the title as security. The cause was referred to a master to take and report the evidence, together with his conclusions, and he found said issue in favor of appellee Taylor.

While the evidence is very voluminous, the correctness of the master's conclusion depends largely upon the testimony of the parties themselves, and we are of the opinion that the Superior Court correctly sustained that conclusion and decreed accordingly, dismissing both the original and cross-bills. The deed to Taylor being an absolute conveyance of the title to him, the burthen of proof was upon those claiming that it was intended as a mortgage only, to establish that fact by clear and satisfactory proof. Thus, we said in *Eames et al.* v. *Hardin et al.* 111 Ill. 640 : "All cases hold that to establish a deed absolute in form a mortgage, the proof must be clear and convincing. It is never done on vague and inconclusive evidence. It may be proved by verbal testimony, but it must be entirely satisfactory, if not conclusive." Many other decisions of this court are to the same effect, and none to the contrary. Applying this test to the evidence introduced on behalf of the appellant, and in support of the cross-bill of apppellee Cleaver, it falls far short of establishing any agreement between Cleaver and Taylor that the deed to the latter from Griswold and wife should be held as a mortgage only, while the testimony of Taylor, corroborated by the conduct of the parties after the deed was made, as shown by the evidence, strongly tends to prove that the conveyance was intended to be, as it was upon its face, an absolute deed.

The decree of the court below will be affirmed.

*Decree affirmed.*