JOHN T. MILLING, for use, etc.

*v.*

ANDREW HILLENBRAND *et al.*

*Filed at Ottawa May 15, 1895.*

1. EVIDENCE—*sale of goods—statements of vendor after sale.* Statements of the vendor of goods, made after the sale and out of the presence of the purchaser, cannot be received to defeat the latter's title.

2. APPEALS AND ERRORS—*bad instruction, cured by others, will not reverse.* An instruction stating the rule too strongly as to what will constitute a sufficient change of possession to render a sale valid as between the parties, is not cause for reversal of a judgment involving the validity of such sale as to creditors, where other instructions state the rule fully and correctly.

*Milling* v. *Hillenbrand,* 56 Ill. App. 306, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

RECTOR C. HITT, and A. T. LARDIN, for appellant.

J. T. MURDOCK, and McDOUGALL & CHAPMAN, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action of debt, brought by John T. Milling, for the use of William W. Taylor, sheriff of LaSalle county, against Andrew Hillenbrand and others, on a replevin bond. The facts, as shown by the record, are these: On the 25th day of April, 1892, George Gordon was carrying on the grocery business at Streator, in LaSalle county, in a building owned by Hillenbrand, and next door to the room occupied by Gordon, Hillenbrand was keeping a meat market. Gordon was then indebted to Hillenbrand to the amount of nearly $1000, principally for money loaned; to Sprague, Warner & Co., of Chicago, in the sum of about $580, and also in various sums to

other parties.   It appears that he was financially embar-
rassed, and that at least one judgment had then been
entered up against him.   In the morning of the day above
mentioned, Hayes, a traveling salesman of Sprague, War-
ner & Co., visited Streator for the purpose of obtaining
an adjustment of Gordon's account with his firm.   While
there, and before Gordon had arrived at his place of busi-
ness, Hayes called on Hillenbrand and informed him of
Gordon's financial embarrassment, and thereupon both
called on Gordon for the purpose of getting their respect-
ive claims secured or otherwise adjusted.   At that inter-
view Gordon paid $200 on the Sprague, Warner & Co.
claim, but was unable to pay more or to secure Hillen-
brand.   After some negotiation Hillenbrand proposed to
buy Gordon's stock of goods, and offered him $1200 for it.
That offer Gordon declined to accept.   Hillenbrand then,
being advised by Hayes that the stock was worth $1500, ·
offered that sum for it, which Gordon accepted.   A bill
of sale of the stock of goods was thereupon executed by
Gordon to Hillenbrand, and Hillenbrand became a surety
on Gordon's note to Sprague, Warner & Co. for the resi-
due of their claim, and after deducting the amount of the
note and the amount of Gordon's indebtedness to him
from the $1500, a small balance remained, which Hillen-
brand afterwards paid to Gordon.

Upon the execution of the bill of sale, as the evidence
tends to show, Gordon surrendered to Hillenbrand the
keys of his store and the latter took possession of the
stock of goods, and he thereupon employed Gordon, at
$40 per month, to assist him in carrying on the business
of the store.   The principal controversy at the trial was
upon the question whether the possession taken and
retained by Hillenbrand was of such character as to be
sufficient, in law, to perfect title in him as against other
creditors of Gordon levying their attachments, and the
evidence bearing on that question was to a very consider-
able degree conflicting.

On April 29, 1892, Crofoot & Co., who were creditors of Gordon, sued out a writ of attachment against his property, and caused the same to be levied upon the stock of goods in question. After that writ was levied, Hillenbrand replevied the goods from the sheriff, but afterwards dismissed his replevin suit without trial, and thereupon this suit was commenced on the replevin bond. In defense against all but nominal damages, Hillenbrand pleaded title in himself to the stock of goods, and at the trial the jury awarded the plaintiff only nominal damages. Judgment being rendered in accordance with the verdict, the cause was taken to the Appellate Court by appeal, where the judgment was affirmed, and this appeal is from the judgment of affirmance.

All controverted questions of fact being conclusively settled by the judgment of the Appellate Court, we must assume that the jury correctly interpreted the evidence bearing upon the question of Hillenbrand's possession of the goods, and that such possession is shown by the evidence to have been sufficient to vest him with a valid title thereto as against other creditors of Gordon. The only questions raised by counsel which are open for consideration here, are those which relate to the exclusion of evidence and the instructions to the jury.

Counsel for the plaintiff sought to introduce evidence of statements by Gordon in relation to the ownership of the goods, made after the sale and delivery thereof to Hillenbrand, and in his absence and without his assent, and such evidence having been excluded by the court, its exclusion is assigned for error. It is a rule too familiar to require discussion, that the statements of the vendor of goods, made after the sale and out of the presence of the vendee, can not be received to defeat the vendee's title. (See *Bennett* v. *Stout*, 98 Ill. 47, and authorities there cited.) The evidence offered was properly excluded.

The court gave to the jury but one instruction at the instance of the defendants, and that purported to lay

down the rule as to what would constitute a sufficient change of possession to make the sale valid as between Hillenbrand and Gordon. As applied to that question, the instruction stated the rule even more strongly against the defendants than was necessary. But as that issue was not before the jury for trial, the instruction, if it had stood alone, might have had a tendency to mislead the jury, as they would have been likely to apply it to the issue before them, viz., the change of possession necessary to make the sale valid as against Gordon's creditors. Several instructions, however, were given at the instance of the plaintiff, in which the rule applicable to that question was fully, and, as we think, correctly, stated, and with those instructions before them it is scarcely possible that they could have been misled by the instruction given at the instance of the defendants.

Neither of the errors of law above considered is well assigned, and as no others are complained of, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*