(No. 14389.—Affirmed in part and reversed in part.)
FRANK P. ILLMAN, Defendant in Error, *vs.* ELZA KRUSE *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1922.*

1. EVIDENCE—*when letter written by assignor is not admissible against assignee.* Where a devisee has, by deed absolute in form, assigned all his interest under a will, a letter subsequently written by him to a third party is not admissible against the assignee as tending to show the deed was intended as a mortgage.

2. SAME—*evidence must be clear to show that deed absolute in form is a mortgage.* Where an instrument conveying an interest in land purports to be an absolute, unconditional conveyance, the burden of proof is on those claiming that it was intended only as a mortgage to prove that fact by clear and satisfactory evidence.

3. WILLS—*the purchaser of distributive interests of all devisees may elect to take the land—conversion.* Where a will provides that land shall be sold by the executor and the proceeds distributed among certain named legatees, one who acquires the distributive interests of all of the legatees, and thereby becomes the equitable owner of the land, may elect to take the land, and may maintain a bill to declare a re-conversion of the personal property into land and to enjoin the executor from making the sale.

4. PLEADING—*bill to re-convert personal property into land need not allege possession.* Where a will provides that land be sold and the proceeds distributed, a bill by a purchaser of the distributive interests to re-convert the prospective proceeds into land and vest the title in the complainant is not a bill to quiet title and need not allege that complainant is in possession of the land.

5. COSTS—*circuit court cannot provide for costs in case of appeal.* The matter of costs is one which is controlled by statute, and the circuit court has no authority, in a chancery proceeding, to provide in the decree for costs to be paid in the event of an appeal.

WRIT OF ERROR to the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding.

GLASS & BOTTENBERG, for plaintiffs in error.

B. O. WILLARD, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This was a bill filed by Frank P. Illman in the circuit court of Schuyler county praying the court to decree that his right to the proceeds of sale of certain real estate under the will of Franz H. D. Kruse be considered as converted back into the real estate and that the legal title to said real estate be vested in him, he having, as alleged in the bill, purchased the interests of the distributees in the funds that would arise from the sale of the real estate if sold under the will. After the pleadings were settled and a hearing had before the chancellor a decree was entered finding that Illman was the owner of all the equitable interests in the real estate of all the children of the testator under the will, and finding also that being such owner Illman was entitled to elect to take the real estate instead of the funds arising from the sale thereof, and enjoining the executor of the will from selling the land under the will. From that decree this writ of error has been sued out.

Franz H. D. Kruse died in 1899 seized of ninety acres of land in said county. By his will, which was duly probated, he gave a life interest in said ninety acres to his wife, Elizabeth Kruse, and directed that after her death it should be sold by the surviving executor, either at public or private sale, and the proceeds equally divided among the testator's five children, James F. P. Kruse, Franz H. Kruse, George W. Kruse, Susannah Greer and Doris Matthews. It appears from the record that one of these five children, George W. Kruse, was at his father's death running a grocery store at Rushville, in said county, and had become financially embarrassed; that on April 30, 1900, by an instrument of that date stating a consideration of $1500, he assigned, transferred and set over to his brother Franz all his distributive share and legacy under the will, and all expectancy, right, title and interest in all the estate and property, both real and personal, of the deceased, and irrevo-

cably appointing the grantee his attorney in fact to receive and receipt for the estate and premises, and directing the executor to pay over to and account with the grantee in all matters concerning the estate. It further appears from the record that in 1912 Franz assigned to his son, Robert, the interest obtained by said deed and also his own interest in his father's estate under the will; that Robert thereafter assigned said interest to Illman; that the shares of the other three children of the testator under the will were also assigned to Illman; that the mother of Franz, who had a life interest in the 90 acres, died in 1919; that the son George also departed this life prior to his mother's death, leaving a widow and various children as his heirs-at-law, and that said children, and also, apparently, Doris Matthews, are the plaintiffs in error in this proceeding.

It is first argued by plaintiffs in error that the assignment from George W. to Franz H. Kruse above mentioned was not an absolute deed of conveyance of the interest, but was in the nature of a mortgage or security for the re-payment to Franz by George of certain money paid by Franz to creditors of George at the time the latter failed in his grocery business. The cross-bill prayed that said instrument be declared in the nature of a mortgage or security for the payment of money; that an accounting might be had and the amount due upon the indebtedness be ascertained and paid to Franz from the proceeds of the sale of the real estate and the balance paid to complainants, and that the court appoint some suitable person to make the sale under the terms of said will.

To support the argument on the point that the instrument in question assigning the interest of George W. Kruse to his brother Franz was in the nature of a mortgage, the deposition of Martin W. Greer, who married one of the testator's daughters, was taken and offered in evidence. That part of his deposition which has a bearing on this question is as follows: "Basing upon what I learned from

Henry, all I know is Henry Kruse and I were joint security on some of the debts of George, and I had the statement from both of them that this assignment was made to Henry to make us safe on these notes. Well, not notes; I was only on one note as joint security with Henry, and that this assignment was made to protect us from any loss for having to pay the security debts. I always understood it was to protect us. We had the debt to pay at the time,— the note to pay,—and this assignment was made to secure us against loss. Franz Henry Kruse and I talked frequently about it."

The note on which Greer and Franz H. Kruse were securities was apparently to Philander Avery and was taken up by Franz and Greer, and afterwards Franz re-paid to Greer the part Greer had paid thereon. There was also introduced in evidence in support of the contention of plaintiffs in error a letter from Franz to his brother George, dated in 1913, which, after a few introductory remarks, reads as follows: "As to a statement of our affairs, I don't feel disposed to make any at present,—in fact, none in writing at all. The better way for us to settle is not through correspondence. As to the Avery note, I assumed Martin's part some five years ago,—paid it off last winter. I expect to sell the homestead after mother's death, according to the terms of the will. I propose to treat you right and give you all that is coming to you."

It is strongly argued by counsel for defendant in error that the above letter was written after the writer had sold and assigned all his interest in the land, and therefore it could not be admissible in evidence against defendant in error. (*Milling* v. *Hillenbrand,* 156 Ill. 310; *Holton* v. *Dunker,* 198 id. 407; *Essary* v. *Marvel,* 274 id. 576.) We are of the opinion that under these authorities this letter was not admissible in evidence and should not be considered, whatever its evidentiary force might be held to be. This court has repeatedly held that where a deed on its face is an

absolute, unconditional conveyance, as was the instrument from George to his brother, the burden of proof will be on those claiming that it was intended only as a mortgage, to prove that fact by clear and satisfactory evidence. Such a deed is never held a mortgage on vague, uncertain or doubtful evidence. The evidence must be clear and convincing. (*Blake* v. *Taylor,* 142 Ill. 482; *Keithley* v. *Wood,* 151 id. 566; *Burgett* v. *Osborne,* 172 id. 227. See, also, on this point the reasoning of this court in *Totten* v. *Totten,* 294 Ill. 70.) Under these authorities we are compelled to reach the conclusion that, even if the letter above quoted from were admissible in evidence, there was no evidence in this record sufficiently clear and certain to justify the court in holding that the conveyance from George to his brother Franz was given as a security for indebtedness. Moreover, we are of the opinion that plaintiffs in error cannot justify the holding of this instrument a mortgage and ask a court of equity to set the conveyance aside, as the instrument would have then been, in effect, a fraud upon those who were creditors of George at the time he executed the instrument to his brother. *Miller* v. *Marckle,* 21 Ill. 151; *Dunaway* v. *Robertson,* 95 id. 419; *McElroy* v. *Hiner,* 133 id. 156.

It is further argued by counsel for plaintiffs in error that the real estate should be sold by someone appointed by the court, under the directions in the will. Counsel for defendant in error argues, however, that as Illman is the owner of the entire beneficial interest in the land, he may elect, and has elected, to take the same as real estate, and that under the authorities it is not necessary, under such circumstances, to go through the form of selling the real estate under the will and paying him the proceeds. (*Baker* v. *Copenbarger,* 15 Ill. 103; *Jennings* v. *Smith,* 29 id. 116; *Beeler* v. *Barringer,* 252 id. 288; *Hoopeston Library* v. *Eaton,* 283 id. 449.) Under these authorities we conclude that as defendant in error is the owner of the entire bene-

ficial interest in the real estate and has asked to take the land itself without conversion into money, the decree properly found that he was the owner of the land in fee simple as real estate and enjoined the executor from selling it under the provisions in the will.

It is further argued by counsel for plaintiffs in error that there was no allegation in the bill that defendant in error was in possession of the land, and therefore he was not entitled to maintain the bill in question. Plaintiffs in error seem to argue that this is, in effect, a bill to quiet title, whereas it seems manifest that it is one to re-convert personal property into land and vest the legal title to the land in defendant in error. He had become the equitable owner of the land and filed his bill in chancery to re-convert. There is no authority cited, and we have found none, holding that possession must be alleged to support a bill under such circumstances.

In the decree entered the chancellor ordered that Illman might file a certificate of evidence, and the decree taxed one-half of the costs of preparing the certificate against him, one-fourth against Doris Matthews, who filed a cross-bill in the trial court, and one-fourth against the Kruse heirs, who also filed a cross-bill, and further provided that if either of the defendants should take an appeal of the case then Illman should recover against that defendant the half of the cost of the certificate which Illman had paid and the defendants not appealing should recover against the other defendant one-fourth the cost of the certificate. The fixing of the fees and costs in the trial of a lawsuit is controlled entirely by statute. The circuit court was without authority, under the statute, to fix fees or costs with reference to the appeal of the case.

The decree of the circuit court will be affirmed in all respects except as to the order of the court fixing costs with reference to the preparation and taking of the appeal.

*Affirmed in part and reversed as to the costs.*