## C. A. Hitchcock, Agent, Appellee, v. Vincent E. Nolan and George Sloan, Appellants.

1. FRAUDS, STATUTE OF—*sufficiency of agent's authority to make contract for sale of land.* A written contract for the sale of certain lands which had been owned by testator and by him devised for life to his wife to be sold at her death and the proceeds divided among his children who were also his heirs is sufficient under the statute of frauds, although signed by the agent of such heirs, where it appears that no sale was made at the death of the widow and that thereafter the heirs executed and acknowledged a written agreement empowering one of their number to act as agent in the management and control of such lands and that in case he contracted to sell the same they would join in a deed of conveyance to the purchaser, and that the agent so appointed signed the contract in question.

2. EQUITY—*conversion and reconversion.* There is an equitable reconversion under a will devising real estate to the wife of testator for her life and providing that at her death the lands shall be sold and the proceeds divided among testator's children where, after the death of the life tenant, no sale was made and the heirs entered into an agreement that one of their number should manage and control the lands in question, rent the same, collect the rents thereon and do other necessary acts and have authority to enter into contract of sale thereof at private sale, and that the other heirs will join in the deed of conveyance in such case, and, under such reconversion, the interest is one in real estate which they may convey.

3. PARTIES—*agent with interest as proper party plaintiff on note payable to principals and agent.* An action to enforce a note made payable to the order of "Mary E. Hitchcock, heirs, C. A. Hitchcock, agent," may be maintained by such agent where it appears that he is one of the heirs in question and has a one-fifth interest in the note and in the contract of sale of certain lands in payment of the purchase price of which such note was given, and he is presumed to be its legal holder where he produces it upon the trial.

4. VENDORS AND PURCHASERS—*sufficiency of merchantable title resting on equitable reconversion.* A purchaser of real estate under contract cannot refuse to perform on the ground that his vendors are unable to show a merchantable title to the real estate in question because their title rests in an equitable reconversion of which there is no record in the probate court or elsewhere, where it appears that vendors in question tendered a deed signed by all the heirs of the testator together with an abstract showing title in such testator and which also contained the provisions of his will and that the vendors are the same persons as the beneficiaries under such will.

Appeal from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed July 10, 1922. Rehearing denied October 4, 1922.

McDAVID, MONROE & HERSHEY, C. J. VOGELSANG and GRAHAM & GRAHAM, for appellants.

J. E. HOGAN and L. W. REESE, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment for $11,100 damages including a $500 attorney's fee, rendered by the circuit court of Christian county in favor of appellee against appellants, in a suit in assumpsit heard by the court without a jury.

The first count of the declaration is upon a promissory note for $10,000 payable to the order of "Mary E. Hitchcock, heirs, C. A. Hitchcock, agent." The third count alleges the execution by the plaintiff of a certain contract for the benefit of the defendant Vincent E. Nolan, and in consideration thereof that the defendants gave and signed a certain promissory note payable to the plaintiff for $10,000 with interest at six per cent per annum from maturity, together with a reasonable attorney fee should said note be placed in the hands of an attorney for collection after due; that said contract was delivered to defendants by the

plaintiff for the sale of certain real estate; further that the said plaintiff has been ready to comply with the provisions of said contract by offering to deliver to the said Vincent E. Nolan a warranty deed or conveyance of said real estate as provided for in the contract, together with a good and merchantable abstract to the premises; that the defendant Vincent E. Nolan has refused to accept this warranty deed and that, as a consequence thereof, has forfeited to the said plaintiff the sum of $10,000 with interest and attorney's fees as liquidated damages in accordance with said contract as then and there promised in the said promissory note for $10,000 as described aforesaid and signed by the said Vincent E. Nolan and George Sloan.

To this declaration the defendants filed a plea of general issue with notice of special matter to be proved thereunder, which stated that the defendant would prove the said note was given as part payment for the purchase of 160 acres of land and that the balance of said purchase price for said land was $30,000 to be paid the defendant upon delivery to him of a good and sufficient warranty deed showing the conveyance of a good and merchantable title; that there had been a failure on the part of the defendant to furnish a good and merchantable abstract to said land showing good title; that there had been a failure to convey a good and sufficient warranty deed of conveyance of said land; that the contract providing for the purchase of said land was invalid by reason of the statute of frauds.

April 15, 1920, a written contract was entered into signed by appellant Nolan and "Mary E. Hitchcock, heirs, by C. A. Hitchcock, agent" for the sale to Nolan as party of the second part by the party of the first part of 160 acres of land in Christian county for the sum of $40,000 and on the same date appellants Nolan and Sloan signed and delivered to Hitchcock a prom-

issory note for $10,000 due March 1, 1921, payable to the order of Mary E. Hitchcock, heirs, C. A. Hitchcock, agent, for value received at the Nokomis National Bank, interest six per cent from maturity and providing that if the note is placed in the hands of attorney for collection after due, for a reasonable attorney fee.

The contract recited the giving of this note as a cash payment upon the purchase price of the real estate in question and provided further, as appears from the abstract filed by appellant in this case, "$30,000 more to be paid upon delivery of a good and sufficient warranty deed of conveyance for the same within 320 days from this date, or as soon thereafter as the deed is ready for delivery. After the title has been examined and found good, the balance will be paid as follows: The entire sum of $40,000 due and payable March 1, 1921. Grantor agrees to furnish a good and merchantable abstract; further provided that should title of property not prove good, the $10,000 note is to be refunded. Should the defendant Vincent E. Nolan fail to perform the contract upon his part promptly at the time and in the manner specified (time being of the essence of this contract), then the above $10,000 shall be forfeited by Vincent E. Nolan as liquidated damages and contract be and become null and void."

The land in question belonged to John Hitchcock in his lifetime and by his last will and testament, which was duly probated, a life estate was left to his widow, Mary E. Hitchcock, and, at her death, the executor was directed to sell all the real estate at public or private sale and make proper deeds of conveyance to the purchaser or purchasers and divide the proceeds among his children, Charles A. Hitchcock, Mabel Graybeal, Nannie A. Hitchcock and Nellie Foraker. The sale thus provided for by the executor never took place. After his death, the property remained as it

was until the attempted sale here made by Charles A. Hitchcock.

It is contended by appellants that the contract was void by reason of the statute of frauds. The evidence shows that after the death of Mary E. Hitchcock, Mabel Graybeal and husband, Nannie A. Hitchcock, single, Charles A. Hitchcock and wife, Nellie Foraker and husband entered into a written agreement with reference to that real estate signed by each of them and acknowledged before a notary public, in which was provided that "the above named being all the children and heirs at law of the said John and Mary E. Hitchcock, deceased, and all of adult age, authorize and empower said Charles A. Hitchcock to take charge of said real estate, rent the same, collect the rent, pay taxes, keep the property insured, keep up necessary repairs, and have supervision of the same until such time as we shall sell the same, either at public or private sale. Said real estate shall not be put up for public sale until such time as said children shall mutually agree so to do, but said Charles A. Hitchcock may offer same for private sale at any time and in event he contracts to sell same we each agree to join in the deed of conveyance and make proper deed to purchaser, the proceeds to be divided equally among said four children."

This agreement was sufficient authority to Charles A. Hitchcock to authorize him to enter into the contract in question and the contract was not void by reason of the statute of frauds, but was binding upon the heirs of John Hitchcock and Mary E. Hitchcock.

The will of John Hitchcock provided that after the death of his widow, Mary E. Hitchcock, the executor should sell all his real estate and divide the proceeds among his children, and it is contended by appellants that where a testator gives a positive direction to sell his real estate and divide the proceeds among certain persons, such direction amounts to an equitable con-

version of the real estate into personal property; that the gift is a gift of personal property and not of real estate and that the Hitchcock heirs had no interest in the real estate in question which they could convey.

In the early case of *Baker v. Copenbarger,* 15 Ill. 103, it was held where real estate by the terms of the will is to be converted into money and the money distributed, that the devise should be treated as a devise of money and not of land, and that in such case, by concurrence of all the devisees, they may elect to take the land and not the money, in which event there is a reconversion of the money into land, and that as a general rule all persons *sui juris,* or under no disability inhibiting them from contracting in regard to their property, and who have the exclusive beneficial interest in the property constructively converted, may elect to take the property in its actual condition.

The rule thus laid down has since that time been followed by the Supreme Court whenever the question was before them and was followed in the recent case of *Illman v. Kruse,* 301 Ill. 408.

A direct and positive statement of such election is not necessary to constitute an election and any acts, although slight, which disclose plainly such an intention are sufficient to constitute an election.

In the present case when on March 5, 1920, all the beneficiaries, among whom the proceeds of the sale of the real estate in question were to be divided, entered into the contract and acknowledged the same before a notary public in which they authorized Charles A. Hitchcock "to take charge of said real estate, rent the same, collect the rent, pay taxes, keep the property insured, keep up necessary repairs, and have supervision of the same until such time as we shall sell the same" they clearly indicated their election to take the land and not the money and thereby reconverted the money into land.

It is contended by appellants that as the note was

payable to the heirs of Mary E. Hitchcock, Charles A. Hitchcock, agent, the suit cannot be maintained as brought in the name of Charles A. Hitchcock, agent. Charles A. Hitchcock was one of the heirs of Mary E. Hitchcock and had a one-fifth interest in the note and having such beneficial interest in the note and contract had a right to bring suit to enforce the same. 31 Cyc. 1564. Appellee produced the note upon the trial and from that fact is presumed to be its legal holder.

March 1, 1921, the parties met and a warranty deed signed by all the heirs of John Hitchcock and Mary E. Hitchcock was tendered to appellant Nolan, together with an abstract which showed title in John Hitchcock prior to his death and which contained the provisions of his will. Appellant Nolan, through his attorney, refused to accept the deed, on the ground that the signers of the deed did not have title to the property by reason of the paragraph of the will above quoted, and contended that if the heirs elected to take the real estate there should be a record in the probate court, the attorney giving it as his opinion that to make the title good the land ought to be sold by the executor or an election filed in the probate court. Appellant Nolan through his attorney then demanded a return of the $10,000 note, which was refused. Appellant contends that he was justified in refusing to carry out the contract and that the consideration for the note failed for the reason that the heirs of Mary Hitchcock did not have a merchantable title to the land. This position cannot be maintained as the heirs of Mary Hitchcock were the same persons as the beneficiaries under the will and had, as we have heretofore shown in this opinion, a merchantable title to the real estate in question.

We have carefully investigated all the points urged for reversal in appellants' brief and argument and are of the opinion that the judgment should be affirmed.

*Affirmed.*